UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WaterLegacy,

    Plaintiff,

v.

USDA Forest Service; Thomas Tidwell, in his official capacity as Chief of the USDA Forest Service; Constance Cummins, in her official capacity as Forest Supervisor of the Superior National Forest; and Poly Met Mining, Inc.,

    Defendants.

Case No. 17-cv-276 (JNE/LIB)
ORDER

Poly Met Mining, Inc., controls mineral rights on land that is located in the Superior National Forest. The United States owns the remainder of the property rights. Poly Met Mining wants to build an open-pit mine on the land. The United States Department of Agriculture Forest Service will not authorize surface mining on the land. To eliminate the conflict between Poly Met Mining's desire to build and open-pit mine and the Forest Service's ownership and management of the land, Poly Met Mining and the Forest Service proposed a land exchange, which is known as the NorthMet Project Land Exchange. In January 2017, the Forest Service issued a Final Record of Decision that approved the land exchange.

Claiming that the appraisal of the federal land failed to comply with the Federal Land Policy and Management Act, WaterLegacy brought this action against the Forest Service; the Forest Service's chief, Thomas Tidwell; and the forest supervisor of the Superior National Forest, Constance Cummins. A few weeks later, WaterLegacy filed a

1

Motion for Preliminary Injunction. It sought to restrain the Forest Service, Tidwell, and Cummins from signing an exchange agreement with Poly Met Mining or taking other action to proceed with the land exchange and to restrain them from making or allowing any changes in the management or use of the federal lands proposed for the exchange. Poly Met Mining intervened as a defendant and filed a Motion to Dismiss for Lack of Standing.

The Forest Service, Tidwell, and Cummins opposed WaterLegacy's motion. Poly Met Mining separately opposed WaterLegacy's motion. In their opposition to WaterLegacy's motion, the Forest Service, Tidwell, and Cummins stated that "the Forest Service will not facilitate or allow any ground-disturbing activity to occur on the federal parcel prior to the actual transfer of titles."

At the motion hearing, WaterLegacy discussed whether a preliminary injunction that was less restrictive than the one it initially requested would satisfy its concerns. WaterLegacy suggested two conditions: (1) that site conditions will not be changed; and (2) that the exchange agreement could be unwound depending on the results of this litigation. The Forest Service, Tidwell, and Cummins disclosed that they had included a litigation contingency in the agreement they and Poly Met Mining were prepared to execute. The Forest Service, Tidwell, and Cummins recently submitted a copy of the draft agreement, which includes the term recited at the hearing:

> The Parties recognize that the land exchange contemplated herein may be affected by existing and/or threatened litigation (the "Litigation") and that, due to such Litigation, the Forest Service may delay or suspend action on this exchange to conform with the orders of a court or administrative body with jurisdiction over this exchange, or to conform

> with stipulations or agreements filed with such court. The Non-Federal party waives and releases any and all claims against the Forest Service, Department of Agriculture, and the United States (the "Government") based in whole or in part on any such delay or suspension, or on any Government action taken to comply with any court order or other legally binding decision.

The Forest Service indicated that it intends to sign the exchange agreement on August 31 for reasons that include "the need to obligate funds prior to the end of the fiscal year."

In light of the litigation contingency, the representation that the Forest Service will not allow ground-disturbing activity on the federal land before the transfer of titles, and the issues raised with respect to WaterLegacy's standing, the Court denies WaterLegacy's motion for a preliminary injunction. *See Laclede Gas Co. v. St. Charles Cnty., Mo.*, 713 F.3d 413, 416-17 (8th Cir. 2013); *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1187 (9th Cir. 2000). Therefore, IT IS ORDERED THAT:

1. WaterLegacy's Motion for Preliminary Injunction [Docket No. 9] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 31, 2017

        s/ Joan N. Ericksen
        JOAN N. ERICKSEN
        United States District Judge